UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LARRY HARPER                                                                                      PLAINTIFF

v.                                                                              CIVIL ACTION NO. 3:12-CV-97

W.W. GRAINGER, INC. and
LI & FUNG (TRADING) LTD.                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

      Before the court are four interrelated motions. First, defendant Li & Fung (Trading) LTD ("Li & Fung") has moved to dismiss for lack of personal jurisdiction and insufficient service of process (DN 36). Second, plaintiff Larry Harper has moved for a default judgment against Li & Fung (DN 38). Third, Harper has moved to supplement the record before the court (DN 44). Finally, Li & Fung has moved for oral argument regarding the pending motions (DN 47).

      This product liability action was initiated by Harper in Kentucky state court. In his initial state court complaint, Harper sued Dayton Electric Manufacturing Company ("Dayton"). Harper alleged that he was severely injured as a result of a defective condition in a dolly/hand truck that Dayton manufactured, assembled, or sold. Dayton removed the action to this court based on diversity jurisdiction. After removal, Dayton filed its corporate disclosure statement indicating that it was a wholly owned subsidiary of defendant W.W. Grainger, Inc. Thereafter, the parties signed a stipulation that W.W. Grainger would be substituted as a defendant for Dayton.

      On April 23, 2012, Harper was granted leave to amend his complaint. In the amended complaint, Harper reiterated his allegations against W.W. Grainger, but added allegations that Li

& Fung designed and/or manufactured the dolly/hand truck that injured him. Harper alleged that Li & Fung was negligent in its design and manufacture of the product and that Li & Fung negligently failed to warn users of the dolly/hand truck that it was in a dangerous condition. On April 24, 2012, a summons was issued for Li & Fung at an address in Hong Kong.

Two months later, on June 25, 2012, the Magistrate Judge to whom this case was referred for handling discovery issues conducted a telephonic conference. At that conference, the Magistrate Judge was advised that service had been sent to Hong Kong for Li & Fung and that it may take several months for Harper to effectuate service on Li & Fung. Accordingly, while noting that certain written discovery would be ongoing, the Magistrate Judge suspended the deposition schedule. A little over two months after that conference, on September 5, 2012, the Magistrate Judge held another telephonic conference. The Magistrate Judge noted in his report of the telephonic conference that, although an attorney was present on the telephone call on behalf of Li & Fung, Li & Fung had not yet been served, and thus was not a party to the action yet. The Magistrate Judge therefore found that it would be premature to revise the case management order. On October 26, 2012, the Magistrate Judge held a third telephonic conference. Li & Fung's attorney was not present on the telephone call. Harper's attorneys advised the Magistrate Judge that service as to Li & Fung had been attempted through the Hague Convention but "it ha[d] not been returned executed." Harper's attorneys stated that they would "move forward with a default judgment" and also would produce Harper for a deposition.

One month later, on November 28, 2012, Li & Fung filed a motion to dismiss for lack of personal jurisdiction and improper service. Shortly thereafter, Harper filed a motion for a default judgment against Li & Fung. Approximately one and a half months after filing the motion for a

default judgment, Harper moved to supplement the record before the court to include an affidavit from a paralegal at the company that Harper had used in order to attempt to effect service upon Li & Fung. Finally, Li & Fung moved for oral argument regarding the motions pending before the court.[1]

We begin with Harper's motion for default judgment against Li & Fung. A default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Here, Li & Fung has filed a motion to dismiss for lack of personal jurisdiction and insufficient service pursuant to 12(b)(2) and (5). That motion satisfies Li & Fung's obligation to either plead or otherwise defend in the action. Accordingly, a default judgment would be inappropriate here.

We turn to the service issue. It is the burden of the plaintiff to perfect service of process and to establish that proper service was made. *Sawyer v. Lexington-Fayette Urban County Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001). Under Federal Rule of Civil Procedure 4, a plaintiff may serve process upon a defendant in a foreign country "by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f), (h)(2).

Here, Harper asserts that he served Li & Fung pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 (hereinafter "Hague Convention"). The Hague Convention makes available a variety of methods of service of process. *See Uppendahl v. Am. Honda Motor Co., Inc.*, 291 F. Supp. 2d 531, 532 (W.D.Ky. 2003) (describing various methods of service available under the Hague

---

[1] The court does not believe that oral argument is necessary in this matter and thus will deny the motion for oral argument filed by Li & Fung.

Convention). Harper attempted to serve Li & Fung through the method of service provided for in Articles 2 through 6. Under those Articles, a signatory country may designate a "Central Authority" to receive requests for service from other signatory countries. Hague Convention Art. 2. After a Central Authority receives a request for service in that country and copies of the documents to be served, the Central Authority either informs the applicant of any objections to the request or it arranges for service of the document within its country. Hague Convention Arts. 3-5. After service, the Central Authority must complete a certificate, to be returned to the applicant, stating that the document was served and specifying the method, place, and date of service and the person to whom the document was delivered. Hague Convention Art. 6. Alternatively, if service could not be effected, the certificate must state the reasons for the failure. *Id.*

Harper has provided the court with the affidavit of Kristin Thompsen, a paralegal at Civil Action Group, Ltd. d/b/a APS International, Ltd. ("APS").[2] Thompsen states that, in her position as a paralegal at APS, she has served thousands of documents abroad pursuant to the Hague Convention. In this action, APS transmitted the service documents via Federal Express to the Chief Secretary for Administration, Hong Kong SAR Government, Room 321, 3F, East Wing, Central Government Offices, 2 Tim Mei Avenue, Admiralty, Hong Kong. The documents were delivered on April 30, 2012 to that address. On August 31, 2012, having received no return certificate from the Hong Kong Central Authority, Thompsen sent a letter to the same address, which was received on September 5, 2012. In the letter, Thompsen asked whether the documents had been served; if so, when, where, and on whom were the served; and when APS could expect to receive the certificate. Thompsen also stated that if the Central Authority had no record of receiving the documents, APS

---

[2] The affidavit from Thompsen was the subject of Harper's motion to supplement the record; that motion will be granted.

would forward a duplicate request for service to the Central Authority. On October 4, 2012, Thompsen sent a second letter to the Central Authority requesting the same information; that letter was delivered October 8, 2012. APS never received a certificate or an answer to either letter from the Central Authority. Thompsen notes in her affidavit that it is not uncommon for a certificate of service sent by a foreign Central Authority clerk to go to the wrong address in the United States, since the United States is the only signatory to the Hague Convention that does not have a Central Authority.

For its part, Li & Fung has submitted an affidavit by its general counsel, Marcus Ling Chung Tsang. Tsang states that Li & Fung was never served with a copy of Harper's amended complaint. He further states that Li & Fung learned of the lawsuit from W.W. Grainger.

Harper has not met his burden to establish proper service. To be sure, Thompsen's affidavit shows that Harper properly requested service through the Central Authority in Hong Kong. But Li & Fung states that it was never actually served, and Harper never received a certificate from the Hong Kong Central Authority to show that service had been completed.[3]

In his default judgment motion, Harper requests that if the court determines that Li & Fung was not properly served, the court enter an order allowing service upon Li & Fung's counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). That Rule allows for service in a foreign country "by . . . means not prohibited by international agreement, as the court orders." "Rule 4(f)(3) is most

---

[3] Li & Fung also suggests in its papers that Harper is required to provide Li & Fung a "properly translated" copy of the complaint. Li & Fung does not cite any authority for that proposition. Although Harper does not state whether he had the complaint translated into a language other than English prior to sending it to the Hong Kong Central Authority, the court notes that English is an official language of Hong Kong. In any event, it is irrelevant which language the complaint was in, since, by all appearances, the complaint Harper sent to the Central Authority never made it to Li & Fung.

- 5 -

likely to be employed when a foreign country's Central Authority fails to effect service within the six-month period provided by the Hague Convention . . . ." 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1133 (3d ed. 2002).[4]  Service under Rule 4(f)(3) must comport with constitutional due process, meaning that "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Popular Enters., LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560 (E.D.Tenn. 2004) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

In light of the fact that Harper has attempted to serve Li & Fung through the Hong Kong Central Authority, and followed up with the Hong Kong Central Authority twice, all to no avail, the court will allow Harper to serve Li & Fung by serving Li & Fung's Kentucky counsel. Such service upon Li & Fung's Kentucky counsel comports with constitutional due process. Li & Fung's Kentucky counsel is clearly in contact with Li & Fung's General Counsel, Marcus Ling Chung Tsang, as demonstrated by the declarations of Tsang that Kentucky counsel have been filed in this action. Thus, it is reasonable to conclude that service upon Li & Fung's Kentucky counsel would give Li & Fung fair notice of the action. Accordingly, to the extent that Li & Fung's motion to dismiss is predicated on insufficient service of process, it will be denied. By the same token, Harper's motion for default will be granted to the extent that it seeks an order allowing it to serve Li & Fung's Kentucky counsel.

---

[4]Although the Hague Convention "does not specify a time within which a foreign country's Central Authority must effect service of the summons and the complaint," Article 15 of the Convention "provide[s] that alternative methods of service may be used if a Central Authority does not respond within six months to the originator of the request for service." 4B Wright & Miller, *supra*, § 1133.

In addition to moving to dismiss for improper service, Li & Fung argue in the same motion that an exercise of personal jurisdiction over them by this court would be inconsistent with the Kentucky long-arm statute and constitutional due process. Inasmuch as service has not yet been properly effected, to the extent that Li & Fung's motion to dismiss is based on a lack of personal jurisdiction, that motion will be denied as not yet ripe.

For all the reasons stated above and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that:

(1) the motion of Defendant Li & Fung (Trading) Ltd. for oral argument regarding pending motions (DN 47) is **DENIED**;

(2) the motion of Plaintiff Larry Harper to supplement the record (DN 44) is **GRANTED**;

(3) the motion of Plaintiff Larry Harper for default judgment (DN 38) is **DENIED** to the extent that it seeks a default judgment and **GRANTED** to the extent that it seeks an order allowing Larry Harper to serve Li & Fung through its counsel;

(4) Plaintiff Larry Harper may serve Defendant Li & Fung (Trading) Ltd. by serving Li & Fung (Trading) Ltd.'s counsel in Kentucky; and

(5) the motion of Defendant Li & Fung (Trading) Ltd. to dismiss for lack of personal jurisdiction and insufficient service of process (DN 36) is **DENIED** insofar as it requests that the action be dismissed for insufficient service of process and is **DENIED AS NOT YET RIPE** insofar as it contends that personal jurisdiction over Li & Fung (Trading) Ltd. is lacking.

**IT IS SO ORDERED.**

June 6, 2013

Charles R. Simpson III, Senior Judge
United States District Court