UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LARRY HARPER                                                                                     PLAINTIFF

v.                                                                     CIVIL ACTION NO. 3:12CV-97-S

W.W. GRAINGER, INC., et al.                                            DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court for consideration of the motion of defendant Li & Fung (Trading) Ltd. to dismiss the action as to it for lack of personal jurisdiction (DN 59) and motion of plaintiff Larry Harper for leave to file a supplemental response to Li & Fung's motion to dismiss (DN 73).

As stated in our earlier opinion, this product liability action was initiated by Harper in Kentucky state court. In his initial state court complaint, Harper sued Dayton Electric Manufacturing Company ("Dayton"). Harper alleged that he was severely injured as a result of a defective condition in a dolly/hand truck that Dayton manufactured, assembled, or sold. Dayton removed the action to this court based on diversity jurisdiction. After removal, Dayton filed its corporate disclosure statement indicating that it was a wholly owned subsidiary of defendant W.W. Grainger, Inc. Thereafter, the parties signed a stipulation that W.W. Grainger would be substituted as a defendant for Dayton.

On April 23, 2012, Harper was granted leave to amend his complaint. In the amended complaint, Harper reiterated his allegations against W.W. Grainger, but added allegations that Li & Fung designed and/or manufactured the dolly/hand truck that injured him. Harper alleged that Li

& Fung was negligent in its design and manufacture of the product and that Li & Fung negligently failed to warn users of the dolly/hand truck that it was in a dangerous condition. On April 24, 2012, a summons was issued for Li & Fung at an address in Hong Kong.

In June, 2013 the court denied Li & Fung's motion to dismiss for insufficiency of service of process, and denied its motion to dismiss for lack of personal jurisdiction as premature. (DN 49). The court also denied Harper's motion for default judgment against Li & Fung. *Id.* Pursuant to the court's order, Li & Fung's United States legal counsel accepted service and answered the complaint. It renewed its motion to dismiss for lack of personal jurisdiction after responding to interrogatories by the Harper and after Harper had some period of time to engage in discovery. (DN 59).

In his response to Li & Fung's motion, Harper makes no real substantive response. Instead, he states that the motion to dismiss remained unripe, and that he was "simply asking to allow these depositions [scheduled to begin in December of 2013] to be concluded prior to any dispositive ruling regarding personal jurisdiction over a defendant." (DN 61-1, p. 3).[1]

Li & Fung has established, through sworn answers to interrogatories, that:

(1) Li & Fung is not a manufacturer, designer, assembler, supplier or distributor of hand trucks generally or the particular hand truck in question in this case.

(2) Li & Fung does not manufacture, package, label, market, sell, distribute, or license any products in the United States.

(3) Li & Fung has no offices, subsidiaries or employees in the United States nor does it conduct any business or advertise in the United States.

---

[1] Li & Fung notes that Harper never moved for limited discovery concerning personal jurisdiction. However, it did not seek to stay discovery, but rather permitted Harper to pursue the issue, presumably to foreclose any question that Harper had sufficient opportunity to discover a basis for personal jurisdiction over it.

(4) Li & Fung acted as a buying agent for W.W. Grainger and located a third party manufacturer/supplier Quingdao Taifa Group Company, Ltd. in Shandong, China with whom Grainger contracted.

On March 13, 2014, Harper filed a motion for leave to supplement its response to Li & Fung's motion to dismiss. (DN 73). The court will permit the filing of the supplement in order to comprehensively evaluate Harper's argument that this court may exercise personal jurisdiction over Li & Fung. Li & Fung has responded to Harper's proposed supplemental argument. (DN 80).

Over the course of nine months, Harper has been unable to discover any ground for personal jurisdiction over Li & Fung beyond a 1998 Agency Agreement between Grainger Global Sourcing, a division of W.W. Grainger, Inc., and Li & Fung. In that agreement Grainger Global Sourcing and Li & Fung state that in the event that a dispute arises concerning the agreement, and they are unable to agree to submit to matter to arbitration, either party may file suit in the State of Illinois, with both parties consenting to jurisdiction there. Harper's supplemental brief states only that this agency agreement evidences Li & Fung's consent to jurisdiction in the United States. (DN 73, p. 1).

This agreement which Harper has discovered has not been shown to have any bearing on this litigation whatsoever. It is an agreement between Li & Fung and a subsidiary of defendant Grainger. It contains a contingent consent to jurisdiction in Illinois with respect to a contract between the subsidiary and Li & Fung. Harper emphasizes that Li & Fung "consent[ed] to jurisdiction in the United States," but fails to articulate how this somewhat hyperbolic statement assists in establishing personal jurisdiction over Li & Fung in this case. Harper cites no authority. Harper offers no analysis of personal jurisdiction with respect to the Kentucky long-arm statute or constitutional due process principles.

Li & Fung's evidence that its lack of any presence in the United States or any connection to Kentucky generally, or specifically with regard to the allegedly defective hand truck stands unrefuted. Its argument that Li & Fung, a Hong Kong-based company, cannot be compelled to litigate 8,000 miles away in a jurisdiction with which it has no connection. As noted by the United States Supreme Court in *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S.Ct. 2780, 2787 (2011), a case cited by both Harper and Li & Fung, "A court may subject a defendant to judgment only when the defendant has sufficient contacts with the sovereign 'such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice,"' *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)(quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940))...In products-liability cases like this one, it is the defendant's purposeful availment that makes jurisdiction consistent with 'traditional notions of fair play and substantial justice.'" No contacts have been shown in this case. While Harper continues to reiterate that "discovery is ongoing," at some point the sun must set on this argument. As Harper has failed to come forward with even minimal evidence that personal jurisdiction over Li & Fung exists in this case, the defendant's motion to dismiss the action as to it must be granted.

A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

June 2, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**